# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEROME L. GRIMES | * |
| Plaintiff, | * |
| v. | * Civil Action No. PX-17-1658 |
| KARINA DIXON | * |
| MONTGOMERY COUNTY, DISTRICT COURT OF MARYLAND, TRAFFIC AND CRIMINAL DIVISION | * |
| LT. CAROLL | * |
| C/O SAUL | |
| C/O DOE | * |
| JANE OR JOHN DOE MAILROOM DEPUTY | * |
| MONTGOMEY COUNTY, DEPT. OF CORR. AND REHAB (MCCF) | * |
| Defendants. | * |

*****

## MEMORANDUM

On June 15, 2017, Jerome L. Grimes filed the above-captioned complaint and motion to proceed in forma pauperis. ECF Nos. 1 & 2. Grimes, who is detained at the Montgomery County Correctional Facility in Boyds, Maryland, filed his complaint pursuant to 42 U.S.C. § 1983. First, Grimes claims that he has been subject to false arrest and extradition warrant that resulted in his illegal seizure and the search of his private property. ECF No. 1, p. 1. His largely incoherent averments in his complaint seemingly challenge the veracity of warrants issued in a traffic case and assert claims of being "framed up" by defendants. He seeks and asks the Court to enjoin defendants continuing to act in their professional capacities as well as and monetary and punitive damages. *Id.*, pp. 2-3.

Grimes also appears to take issue with the tampering of his legal mail, which was

returned to him by unnamed parties. He again seeks injunctive relief and damages. ECF No. 1, pp. 4-7.

A review of the state court docket reveals that eight Montgomery County, Maryland cases involving Grimes relate to traffic incidents occurring in 2016.[1] The docket also reflects that on February 26, 2017, a warrant was issued for Grimes on counts of arson/threat and making a false statement with regard to a destructive device. *See State v. Grimes*, Case No. 5D00368618 (District Court for Montgomery County). On May 11, 2017, the case was transferred to the Circuit Court for Montgomery County. Grimes is represented by defense counsel and a scheduling order and plea of not guilty have been entered in the case. *See State v. Grimes*, Case Number 131689C; http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

Further, examination of the Public Access to Court Electronic Records ("PACER") reveals that Grimes has filed hundreds of cases in the federal courts. In *Grimes v. Haney, et al.*, Civil Action No. JSW(PR)-15-436 (N.D. Cal.), United States District Court Judge Jeffrey S. White of the Northern District of California noted that "[o]n May 18, 2000, this Court informed [Grimes] that under the 'three-strikes' provisions of 28 U.S.C. § 1915(g) he generally is ineligible to proceed in forma pauperis in federal court with civil actions filed while he is incarcerated." (citing *Grimes v. Oakland Police Dep't*, Civil Action No. CW-00-1100 (N.D. Cal.)). Judge White further observed that "in 2003 alone [Grimes'] failure to pay the full filing

---

[1] The court has examined the court docket for Montgomery County, Maryland, which reflects Grimes was cited for several traffic violations, including the failure to display his license to uniform police on demand, driving without a required license and authorization, driving on a revoked out-of-state license, driving while license is suspended, driving on a suspended out-of-state license, failure to attach vehicle registration plates at front and rear, failure to display registration card upon demand by police, and driving without current registration plates and validation tabs. *State v. Grimes*, Citation Nos. 16PODHH, 16QODHH, 16RODHH, 16SODHH, 16TODHH, 16VODHH, 26WODHH, & 16XODHH (District Court For Montgomery County). *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

fee and to state cognizable claims for relief had resulted in the dismissal of approximately thirty-six actions under § 1915(g)." *Grimes v. Haney, et al.*, Civil Action No. JSW(PR)-15-436. at ECF No. 4. Similarly, in 2007, United States District Court Judge Claudia Wilken of the Northern District of California observed that "[t]he Court had routinely granted [Grimes]leave to amend to pay the full filing fee and to state cognizable claims for relief but he has habitually failed to do so. For example, in 2003 alone Plaintiff's failure to comply resulted in the dismissal of approximately thirty-six actions under § 1915(g)." *See Grimes v. Wan, et al,*. Civil Action No. CW (PR)-07-1726 (N.D. Cal.). In the Western District of Louisiana, the District Court noted that Grimes has "filed more than 350 complaints and appeals [, and] [t]hree or more of them have been dismissed as frivolous." *See Grimes v. Ms. Lewis, et al.,* Civil Action No. EEF-MLH-12-3159 (W.D. La.). This court takes judicial notice of these relevant and indisputable filings. *See Nolte v. Capital One Fin. Corp.,* 390 F.3d 311, 317 n. * (4th Cir. 2004).

Under 28 U.S.C. § 1915(e), a prisoner is prohibited from filing a civil action if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Given Grimes' filing history in federal court, he is barred under § 1915(g) from filing prisoner complaints in forma pauperis unless he can aver that he is under imminent danger of serious physical injury. The instant complaint is rambling and unintelligible, and Grimes does not allege that he is under imminent danger of serious physical injury.[2] *See Sayre v. King*, 2014 WL 4414509, * 3 (N.D. W.Va. 2014) (prisoner's claim that he

---

[2] To the extent that Grimes seeks damages related to his confinement in pre-trial detention, his claim is premature under *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court concluded that to recover damages for an allegedly unconstitutional conviction or

was denied access to all of his legal materials does not rise to the level of imminent danger of serious physical injury satisfying § 1915(g) exception). He is forewarned that should he attempt to file future civil rights actions in this court, they must be accompanied by the civil filing fee. Additionally, any complaint filed with an indigency application must establish that Grimes is in imminent danger of serious physical harm.

Accordingly, Grimes' motion to proceed in forma pauperis shall be denied and his complaint shall be dismissed without prejudice by separate Order.


Date: July 11, 2017                               /S/
                                       Paula Xinis
                                       United States District Judge

---

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been: (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal, or (4) called into question by a federal court's issuance of a § 2254 writ. Heck, 512 U.S. at 486–87. The Supreme Court required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Courts have applied *Heck* to suits filed by pretrial detainees. *Green v. Dewitt,* Civil Action No. MBS-06–0626, 2006 WL 1074983, at *3 (D. S.C. Apr. 20, 2006) ("Although the decision in *Heck v. Humphrey* concerned a conviction, its rationale is also applicable to pretrial detainees such as Plaintiff."); *Hamilton v. Lyons,* 74 F.3d 99, 102–103 (5th Cir. 1996); *Snodderly v. R.U.F.F. Drug Enforcement Task Force,* 239 F.3d 892, 898 n. 8 (7th Cir. 2001); *Smith v. Holtz,* 87 F.3d 108 (3d Cir. 1996) (holding that a claim challenging the validity of a future conviction raises the same concerns as a claim challenging the legality of a conviction and, as a result, "does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist.") Until Grimes' case for which he is detained is resolved consistent with *Heck*, he cannot bring his § 1983 suit on this basis.